## BRACE *a.* BEATTY.

*Supreme Court, Sixth District; At Chambers, September,* 1857.

COSTS.—RIGHT TO ALLOWANCE.—ATTACHMENT SUIT.

Under section 308 of the Code (as amended 1857) the plaintiff, in an action in which a warrant of attachment has been issued, is entitled to charge an allowance, as authorized by that section, on tender of debt and costs made before the time to answer has expired.

But the percentage is to be computed upon the amount which plaintiff is entitled to recover, not upon the value of the property attached.

Whether the value of the property attached may control the amount of the percentage, where such value is less than the sum plaintiff is entitled to recover; or where the summons in the action is not personally served, and defendant does not appear;—*Query ?*

Question of costs submitted on stipulation.

This action was brought by Joseph Brace against Alexander Beatty, to recover one hundred and seventy dollars, and interest from April 14, 1856. The action was commenced June 26, 1857. A warrant of attachment was issued by the county judge of Otsego county against the defendant; and by virtue thereof the sheriff of that county attached property inventoried at about $4000 in value, consisting of a farm and personal property belonging to the defendant.

At the time of issuing the attachment, the sheriff had in his hands executions sufficient to exhaust the personal property of the defendant; and he had no choses in action. The farm attached was inventoried as encumbered by a prior mortgage of $1500.

Before the time for answering expired, the defendant offered to pay, and tendered to the plaintiff the full amount of his claim, as stated in his complaint, and all costs and disbursements, except the sum of $60, which the plaintiff's attorneys claimed under sections 308 and 309 of the Code. The plaintiff refused to accept the tender. The action was subsequently settled before judgment, and the plaintiff's damages and costs were paid, except this item of $60.

The question whether the plaintiff was entitled to the $60 claimed, was now submitted to Mr. Justice Balcom, by stipulation.

*Lathrop & Brown*, for the plaintiff.

*L. I. Burditt*, for the defendant.

BALCOM, J.—The amendments to the Code passed April 17, 1857, were in force when this action was settled. It is provided by section 322 of the Code, that, "upon the settlement, before judgment, of any action mentioned in section 304, no greater sum shall be demanded from the defendant, as costs, than at the rates prescribed by *that* section." Section 304 prescribes the actions in which the plaintiff may recover costs; it limits the amount in certain actions by the amount of damages or value of the property recovered; and it prohibits the plaintiff recovering more than *one* bill of costs, other than disbursements, where he brings several actions on one bond, recognizance, promissory note, bill of exchange, or other instrument in writing, or *in any other case*, for the same cause of action, against several parties who might have been joined as defendants in the same action. This is the only way in which *rates* of costs are prescribed at all by section 304, and this is all that the term *rates* can mean as it is employed in section 322. Sections 307, 308, and 309 must therefore be examined, to determine the items of costs to which the plaintiff was entitled upon the settlement of the action before judgment.

The plaintiff was clearly entitled, under section 307, to $10 costs, besides disbursements "for all proceedings before notice of trial" (Rockefeller *v.* Weiderwax, 3 *How. Pr. R.*, 382). Under the Code, as it stood in 1852, Justice Harris held, as a general rule, the plaintiff should not have an extra allowance as costs in an attachment suit where the defendant, before the plaintiff was entitled to take judgment by default, came in and confessed judgment; but he added that there was no pretence in the case before him "that the proceedings were attended with any more than ordinary labor or difficulty (Davison *a.* Warning, 9 *How. Pr. R.*, 254). The learned judge might well have refused to grant any extra allowance as costs, in the cases referred to, on the ground that they were not difficult or extraordinary. His decision, therefore, is not entitled to the weight it

would have if only the single question had been before him, whether a plaintiff in an attachment suit was entitled to an extra allowance, where the defendant confessed judgment before the time for answering expired.

In the New York Fire & Marine Insurance Company a. Burrell (9 *How. Pr. R.*, 398), an extra allowance was given in a foreclosure suit, where a tender had been made before judgment, of the amount due, with interest and costs to the time of making the tender. And Justice Clerke there used the following language: "The allowance is made for services commencing from the institution of the action, which are generally more important and onerous *in the first than in the subsequent stages.* It is, in fact, made for services performed throughout the prosecution of the action, rather than for services rendered at any particular stage of it, and certainly not exclusively for services rendered after the judgment has been obtained" (9 *How. Pr. R.*, 400). In McQuade a. The New York & Erie Railroad Company (11 *How. Pr. R.*, 437) Bosworth, J., said: "In some cases full as much professional labor and skill are requisite in the proceedings prior to the notice of trial, as upon the trial itself;" and I fully concur in the correctness of these views.

The only course which the defendant could pursue to stop the plaintiff's proceedings in this action, or to save himself from the payment of subsequent costs, was to tender to the plaintiff the amount of his demand with the costs of the action "to the time of making such tender" (2 *Rev. Stats.*, 553, § 20). What were the costs of this action at the time the tender and settlement were made? No question has been raised that they did not include $10, "for all proceedings before notice of trial," besides disbursements, and the fees of the sheriff. By the letter of the Code a party to an action is not entitled to any costs except upon the recovery of a judgment, but its spirit and meaning give the prevailing party, when the other acknowledges himself to be in the wrong and wishes to stop the litigation, costs, and disbursements for all services that have been performed in the action. Sections 308 and 309 of the Code, as amended by the Legislature of 1857, prescribe the items of costs to which the plaintiff is entitled, upon the settlement of an action before judgment, as much as section 307 does, if the case be one in which the plaintiff is entitled to a percentage, *as costs*, in case of a recov-

ery of judgment. If the defendant had suffered the plaintiff to enter a judgment in this action, the latter would have recovered a percentage by way of costs as well as the other costs specified in section 307. The percentage allowed by sections 308 and 309 are given to compensate the plaintiff as well for services performed and expenses incurred before the notice of trial in the action as afterwards. A part, at least, of the services were performed, and a portion, at least, of the expenses were incurred in this action, for which the percentage is given, before the tender and settlement were made. No apportionment of the percentage can be made for such services and expenses, and I am unable to perceive any way by which to exempt the defendant from the payment of the whole of the percentage which the plaintiff would have recovered if he had taken judgment in the action.

It is easy to perceive that much injustice may be done to defendants in actions wherein a percentage is recoverable, as costs, when settled before judgment, as the Code now is, but the courts must enforce the laws as they find them. If they are wrong, the Legislature must alter or repeal them.

The plaintiff is not entitled to $60 percentage. He is entitled to only ten per cent. on the amount due him at the time the tender and settlement were made; and that amount was only $183.

In an action wherein a warrant of attachment has been issued, the percentage to which the plaintiff is entitled depends upon the sum recovered, or on the sum to which he is entitled to recover when the tender and settlement are made (*Code*, § 308). If the value of the property attached can control the amount of the percentage in any case, as to which I will express no opinion, it is only in cases where the value of the property attached is less than the amount of the recovery, and in actions wherein the summons is not personally served, and the defendant does not appear. Section 309 of the Code may possibly bear this construction when considered in connection with the preceding section. Any other construction would lead to the grossest injustice, as would be shown in this case, by allowing a percentage on $4000, the value of the property attached, when the amount of the plaintiff's demand is only $183. Were the plaintiff's attorneys right in their position, the plaintiff would be entitled to $60 percentage, if only $50 had been due to him on the demand in suit.

But I will not say any thing further upon this question. I hold that the plaintiff is entitled to $18.30 percentage, in addition to the $10 "for all proceedings before notice of trial," besides. disbursements. An order to this effect may be entered in the office of the clerk of Otsego county, in conformity with the stipulation in the action.